357 So.2d 61 (1978)
Yvonne M. HILL, etc.
v.
LIBERTY MUTUAL INSURANCE COMPANY et al.
No. 8887.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1978.
Rehearing Denied April 11, 1978.
Writ Refused June 2, 1978.
Garon, Brener & McNeely, Jacques F. Bezou, New Orleans, for defendant-thirdparty plaintiff-appellee, John J. Capretto.
Bruce J. Borrello, George J. Richaud, Metairie, for defendant-third-party defendantappellant, Liberty Mut. Ins. Co.
Before REDMANN, LEMMON and GULOTTA, JJ.
GULOTTA, Judge.
We are confronted with the issue whether the liability insurer under a homeowner's policy is responsible for the defense of its named insured in a suit against the insured *62 (and the insurer) for injuries arising out of an automobile accident where the trial judge held that no coverage is provided under the policy. The trial judge concluded the insurer has the responsibility to provide a defense to its insured and rendered judgment against the insurer (in favor of the insured) for the amount of the attorney's fees paid by the insured. We reverse.
By way of background, plaintiff's suit against defendants (insured and insurer) was compromised with the insured after the insurer, in answer, denied coverage and failed to provide a defense to the insured.
The judgment appealed from was rendered upon the insured's third-party demand against its insurer for the amount of the attorney's fees incurred for his defense. In answer to the appeal, the insured seeks a reversal of that part of the judgment which holds that no coverage is afforded under the policy.

POLICY COVERAGE
Considering the answer to the appeal first, we conclude, as did the trial judge, that the provisions contained in the policy exclude coverage under the circumstances in our case. The pertinent part of the homeowner's policy relating to personal liability states that the insurer agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage. The exclusions are as follows:
"This policy does not apply:
1. Under Coverage EPersonal Liability and Coverage PMedical Payments to Others:
a. to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
(1) . . .
(2) any motor vehicle owned or operated by, or rented or loaned to any Insured;. . . ."
An insured is defined under the policy as:
"a. `Insured' means
(1) the Named Insured stated in the Declarations of this policy;
(2) if residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured, and
(3) . . . ."
The petition alleges that the insured's minor son was driving a borrowed motorbike on which plaintiff's minor son was a passenger. It is clear from a reading of the policy provisions that the minor son was an "insured" under the policy provisions and that the personal injury to the guest passenger, plaintiff's minor son, occurred while he was riding a loaned motorbike. Clearly the policy exclusion is applicable and no coverage is afforded by the homeowner's policy for bodily injury arising out of the use of a motor vehicle.
We find no merit to the argument of the insured that because of the vicarious liability of a parent which makes him strictly liable for the damage occasioned by his minor[1] the policy exclusions are inapplicable. It is the insured's contention that it is not the minor's negligent operation of the motorbike which gives rise to plaintiff's cause of action but the strict liability of a parent for damages caused by his minor. According to the insured, it is his alleged "legal fault" which makes him a defendant and this liability as expressed in LSA-C.C. art. 2318 is not excluded from the policy. This argument, however, ignores the unambiguous provision of the policy. We fail to understand how the strict liability concept of LSA-C.C. art. 2318 can be applied to circumvent the clear provisions of the policy.
*63 This policy is a contract between the parties which is neither prohibited by statute nor against public policy. If unambiguous, it has the effect of law between the parties and must be given effect. LSA-C.C. art. 1901; Mauterer v. Associated Indemnity Corp., 332 So.2d 570 (La.App. 4th Cir. 1976); Cormack v. Prudential Insurance Company of America, 259 So.2d 340 (La.App. 4th Cir. 1972), writ refused, 261 La. 824, 261 So.2d 230 (1972). An insurer may limit its liability and, in the absence of ambiguity or conflict with a statute or public policy, this limitation must be given effect. Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72 (1939); Cormack v. Prudential Insurance Company of America, supra. Accordingly, we conclude the trial judge properly found that there existed no coverage under the policy.

COSTS AND ATTORNEY'S FEES FOR DEFENSE
We disagree with the able trial judge's conclusion that the insurer, in the instant case, is required to provide a defense to the named insured under the homeowner's policy. The leading case on this question is the Louisiana Supreme Court decision in American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969). The Czarniecki policy contained a provision relating to the defense of the insured similar to the policy in our case. In Czarniecki, as in our case, the court concluded no coverage existed under the policy. In awarding attorney's fees and costs against the insurer for the insured's defense, the court stated:
"* * * And the insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Benoit v. Fuselier, 195 So.2d 679 (La.App.1967)."
For our purposes, it is important to note that the Supreme Court stated the duty of the insurer to defend suits is determined by the allegations of the petition and the insurer is obligated to furnish a defense "unless the petition unambiguously excludes coverage".
The pertinent part of the petition in paragraph I reads:
"* * *
"At all times relevant herein, the defendant, Liberty Mutual Insurance Companies, were the insurers of the defendant, John Capretto, insuring him against any and all liability that the laws would attribute to him on account of any personal injury and or property damage suffered by any third parties as the result of the operation of any motor vehicle by himself or any member of his family, which said policy of insurance was in full force and effect . . . and rendered the said insurer liable to petitioner for the damages hereinafter itemized:
"* * *"
However, the pertinent part of paragraph 2 of the petition, which reads,
". . . James W. Hill, petitioner's minor son, was a passenger on a 1967 Honda Motorcycle . . . which vehicle was being operated by a minor, David Capretto [the insured's minor son] and travelling . . . . * * * The 1967 Honda Motorcycle was owned by Mrs. J. Couch and was being operated by David Capretto with her consent and permission at the time of the accident on November 3, 1971. * * *"
specifically excludes coverage under the policy. The exclusions provide that no personal liability coverage is afforded for bodily injury arising out of the ownership, operation or use of a motor vehicle owned or operated by or loaned to the insured.
Although we recognize the insurer's obligation to defend suits against its insureds is broader than its liability for damage claims, nevertheless, the allegations of the petition considered, we are led to conclude that the petition unambiguously excludes coverage and under these circumstances the insurer does not have the obligation to defend a suit against its insured. Accordingly, the judgment in favor of the insured for attorney's fees, interest and *64 costs is reversed and set aside. Costs to be paid by third-party plaintiff.
REVERSED.
NOTES
[1] LSA-C.C. art. 2318 provides:

Art. 2318. Acts of minors
"Art. 2318. The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
"The same responsibility attaches to the tutors of minors."