373 So.2d 985 (1979)
Elmore MICHEL, Plaintiff-Appellee,
v.
W. A. RYAN, Jr., et al., Defendants-Appellants.
No. 7056.
Court of Appeal of Louisiana, Third Circuit.
July 25, 1979.
Writ Refused October 8, 1979.
*986 Stafford, Trimble, Randow & Smith, James T. Trimble, Jr., Alexandria, for defendants-appellants.
Ledbetter, Percy & Stubbs, W. Ross Foote, Alexandria, Harold J. Brouillette, Marksville, for plaintiff-appellee.
Dale, Owen, Richardson, Taylor & Matthews, Daniel R. Atkinson, Baton Rouge, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
CUTRER, Judge.
This appeal presents the single issue of whether, under the pleadings, stipulations of counsel and the policy issued by New York Underwriters Insurance Company (New York) to William A. Ryan, d/b/a W. A. Ryan Steel Products Company (Ryan), there is a duty on New York to provide a defense for Ryan.
On September 10, 1976, Elmore Michel was injured when an auger fell upon him as he was transferring grain into his barn. This litigation was instituted by Michel to recover damages for such injuries. Ryan, the alleged seller of the auger, was named as one of the several defendants. Plaintiff contended that Ryan was liable for damages due to its negligence in failing to properly inspect the auger prior to its sale and in failing to take any additional steps to prevent plaintiff from being injured by the defects in the auger.
By supplemental petition, plaintiff also sued New York as the general liability insurer of Ryan. A motion for summary judgment was filed by New York on the basis that the policy period expired on February 23, 1973, and the accident occurred approximately three years later. The motion for summary judgment was denied.
Ryan requested New York to provide him with a defense to the suit. New York refused to defend Ryan, contending that the policy clearly did not provide coverage to Ryan. Ryan thereafter filed a third party claim against New York demanding that New York provide him with a defense to the principal action.
A compromise settlement of the suit was subsequently entered into, leaving only the issue for determination of whether Ryan was entitled to a defense by New York. This issue was tried and the trial court found that New York was obligated to offer a defense to Ryan in the original suit despite the fact that New York was not liable for any damages to plaintiff. The trial judge awarded Ryan $8,534.73 plus legal interest, from the date of judgment, as compensation for legal fees necessitated by New York's refusal to defend. New York appeals from this judgment. We reverse.
Plaintiff's petition names Ryan as a defendant and alleges, in part:

"3.
"On or about March 17, 1971, petitioner purchased a new unloading auger from defendant Ryan's retail sales dealership in Alexandria, Louisiana, said auger being 8 inches in diameter and 57 feet long. Ryan's agents and employees delivered said unloading auger to the farm of petitioner located near Simmesport, Louisiana, in Avoyelles Parish.

* * * * * *

"6.
"At approximately 1:45 p. m. on the afternoon of September 10, 1976, petitioner was engaged in loading corn into petitioner's barn located on his farm near Simmesport, Louisiana, in Avoyelles Parish, utilizing the auger described hereinabove. While petitioner was in a stopped position beneath the auger, it suddenly collapsed when the winch cable, which is a part of the auger, wound without warning. The auger fell on petitioner with great force, as a result of which petitioner sustained serious and permanent injuries *987 described more fully hereinafter....

* * * * * *

"9.
"The fault and/or negligence of defendant Ryan consisted of the following:
(a) failing to inspect the unloading auger prior to its sale in order to determine if it was safe for normal usage;
(b) failing to warn petitioner of the dangers of using the unloading auger and particularly the inherent defects in design and assembly; and
(c) failing to take any steps to prevent injuries such as those suffered by petitioner."
By supplemental petition, Ryan named Hartford Accident & Indemnity Company[1] as a defendant and further alleges:

"17A
"Hartford issued a policy of insurance with Ryan as the named insured providing liability insurance coverage for negligent acts and/or omissions of Ryan including the acts and/or omissions upon which this suit is based. The said policy was in force at such time or times as to render the said insurer liable herein."
It is upon the facts alleged in the petition that the plaintiff sought to hold Ryan liable and upon which Ryan contended that New York is obligated to supply a proper defense.
On appeal, New York asserts that the trial court erred in awarding recovery for Ryan due to the fact that the insurance policy issued by New York clearly excludes coverage under the allegations of the petition. It was stipulated, and the policy provides, that the insurance policy was effective from February 23, 1970 to February 23, 1973. The policy was issued to provide comprehensive general liability insurance including coverage for bodily injury and property damage occasioned by the negligence of Ryan. The policy provided in part:
"I. COVERAGE ABODILY INJURY LIABILITY
COVERAGE BPROPERTY DAMAGE LIABILITY
The company will pay on behalf of the insured all sums which the insured shall become obligated to pay as damages because of
Coverage Abodily injury or
Coverage Bproperty damage
to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

* * * * * *
"IV. POLICY PERIOD: TERRITORY
This insurance applies only to bodily injury or property damage which occurs during the policy period within the policy territory." (Emphasis added)
New York contends that under the above quoted "Policy Period," they are not liable for any defense under the petitioner's suit. New York states that this policy of insurance expired February 23, 1973, but that the petition stated that the accident occurred on September 10, 1976, three years after the policy period had expired. Ryan, however, claims that only the face of the petition can be examined to determine whether an insurer is obligated to defend an insured. Ryan contends that since the petition alleges coverage and liability, that New York owed a defense, regardless of any policy provisions which may affect coverage.
*988 The trial court agreed with Ryan's contention and held that the duty to defend must be determined solely by examination of the petition without any consideration of the policy provisions. The trial court erred in this ruling.
The law regarding the duty of the insurer to defend was set out recently by this court in the case of Lees v. Smith, 363 So.2d 974 (La.App. 3rd Cir. 1978), as follows:
"Generally, the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. An insurer's duty to defend suits brought against its insured is determined by the allegations of the plaintiff's petition, with the insurer being obligated to provide a defense unless the petition unambiguously excludes coverage. American Home Assurance Company v. Czarniceki, 255 La. 251, 230 So.2d 253 (1969); Ada Resources, Inc., et al. v. Don Chamblin & Assoc., Inc., et al., 361 So.2d 1339 (La. App. 3 Cir. 1978)." (Emphasis added)
To determine whether the petition "unambiguously excludes coverage," it is necessary to look to the exclusionary language of the policy itself. See Lees v. Smith, supra, and Hill v. Liberty Mutual Insurance Co., 357 So.2d 61 (La.App. 4th Cir. 1978).
In Hill, the petition of the plaintiff alleged that the defendant's insurer had a policy which was in effect insuring defendant against liability for damages suffered by any third parties as a result of "the operation of any motor vehicle by himself [defendant] or any member of his family...." The petition further alleged that a third person (plaintiff's minor son) was injured by defendant's son while defendant's son was operating a motor vehicle.
The court found the allegations of the petition specifically excluded coverage under the policy since the policy was a homeowner's policy and which specifically excluded damages resulting from motor vehicles operated by any insured. Even though the petition alleged coverage, the policy clearly excluded coverage, thus, the court concluded that the insurer had no duty to defend. The court in Lees, supra, also considered the exclusion provision in the insurance policy to determine whether the insurer had a duty to defend.
In the instant case, the petition alleges that the insurer's policy was in full force and effect. The facts alleged, however, clearly placed the occurrence of the accident more than three years beyond the policy period. The policy provided that "This insurance applies only to bodily injury... which occurs during the policy period." It is clear that "the petition unambiguously excludes coverage" and New York had no duty to defend the suit on behalf of Ryan.
The trial court erred in denying New York's motion for summary judgment.
For these reasons, the judgment of the trial court in favor of William A. Ryan, d/b/a W. A. Ryan Steel Products Company is reversed and judgment is hereby entered in favor of New York Underwriter's Insurance Company, dismissing Ryan's third party demand. Costs of this appeal are assessed against Ryan.
REVERSED AND RENDERED.
NOTES
[1] Hartford Accident & Indemnity Company was named as Ryan's insurer. However, the proper insurer was New York Underwriter's Insurance Company, a member of the Hartford Insurance Group. New York answered the petition and various third party demands.