382 So.2d 1069 (1980)
Lon CONNOR
v.
Jack FARMER et al.
No. 11477.
Court of Appeal of Louisiana, Fourth Circuit.
April 17, 1980.
Gerard M. Dillon, M. H. Gertler, Craig R. Nelson, Stanley E. Loeb, New Orleans, for relator.
Warren M. Schultz, Jr., New Orleans, James L. Donovan, Metairie, Edward Rice, Jr., New Orleans, for respondents.
Before REDMANN, CHEHARDY and BARRY, JJ.
REDMANN, J.
Cotton Belt Insurance Company applies for relief under our supervisory jurisdiction against the district judge's denial of applicant's motion for summary judgment based on an exclusion in its insurance policy. We deem the exclusion inapplicable.
Plaintiff contracted silicosis after several years of employment in sandblasting. He sued his former employers' executive officers and their insurers.
Applicant's policy makes its insurance inapplicable:
F. To bodily injury or property damage arising our of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, akalides, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon the land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.
Construing that exclusion strictly, as we must, we would not apply it to an officer's liability arising out of failure to provide appropriate protective apparel when sending workmen into an area known to be affected by the discharge of irritants. We view the worker's injury in such a case as arising not from the discharge of sandblasting matter into the atmosphere but from *1070 the failure to provide appropriate protective masks and other apparel. Liability (if any) for the injury arises not from polluting the atmosphere but from obliging others to work with inadequate protection in an atmosphere known to be polluted.
Perhaps it could be argued that such an injury "arises out of" two causative circumstances: the pollution and the inadequacy [or absence] of protective equipment. We do not construe the exclusion as applicable when the pollution is only one of two or more liability-imposing circumstances out of which the injury arises.
Writs are therefore refused.