SCHOTT, Judge.
This is before us on a motion by plaintiff, Gary E. Picou, to dismiss the appeal of Lumbermen’s Mutual Casualty Company, third-party defendant, from a summary judgment in favor of defendant and third-party plaintiff, Ferrara, Inc., decreeing that insurance coverage was afforded to Ferrara by Lumbermen’s for the alleged liability of Ferrara to Picou. This motion for summary judgment was heard at the same time as a motion for summary judgment by Lumbermen’s against Ferrara in which a declaration was sought that there was no insurance coverage afforded by Lumbermen’s to Ferrara. The issue is whether the judgment was a final judgment or simply an interlocutory judgment from which no appeal lies.
The situation is similar to that in Smith v. Hanover Ins. Co., 363 So.2d 719 (La.App. 2nd Cir. 1978) where there was an appeal by the defendant insurance company from a partial judgment in favor of the plaintiff decreeing that uninsured motorist coverage existed under the facts of the case, and leaving for determination at, trial the issues of fault and damages. The court made the following observation:
“It is evident that the isolated issue of insurance coverage is not ripe for merit-consideration on appeal at this time. Thus, the case should go back to the trial court because either the partial judgment is not appealable or the partial judgment is inappropriate procedurally. Defendant’s supplemental brief zeros in on the problem created by this ‘piecemeal’ judgment and appeal. Defendant takes the position that the judgment is appealable *1266 and the appellate court has jurisdiction, but the judgment rendered is not authorized by procedural law and, therefore, should be set aside. We believe this approach represents the correct resolution of the problem.”
The court reasoned that C.C.P. Art. 966 authorizes a party to move for summary judgment in his favor “for all or part of the relief for which he has prayed,” and that the partial summary judgment which simply granted recognition of insurance coverage did not grant or deny any of the relief claimed by the moving party. The court continued:
“Plaintiff’s use of the motion for summary judgment to obtain a ruling on his cause of action without seeking any part of the relief he claims is an unauthorized use of a procedural vehicle and illustrates the problem of piecemeal adjudication and appeal which can result from the misuse of provisions intended to streamline our civil procedure. The judgment must be set aside and the case remanded, without merit-consideration of the coverage issue.”
C.C.P. Art. 1841 provides that a judgment which does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment and such a judgment is not appealable under Art. 2083 unless it causes irreparable injury. Because we are not convinced that this ingredient of irreparable injury exists simply because the trial court has adjudicated the question of coverage in advance of the trial we do not consider the judgment ap-pealable.
Had Ferrara, Inc. not filed its motion for summary judgment asking for a decree of coverage this matter would not be presently before the court. Lumbermen’s motion for summary judgment seeking a decree that coverage was excluded was denied by the trial court and no appeal lies from the court’s refusal to render that summary judgment, C.C.P. Art. 968. It would be inconsistent to maintain an appeal from Ferrara’s summary judgment recognizing coverage when the no appeal lies from the trial court’s refusal to grant Lumbermen’s motion seeking a decree that coverage is excluded.
Accordingly, the motion to dismiss the appeal is granted.
MOTION TO DISMISS GRANTED.