ON REHEARING AND APPLICATION FOR SUPERVISORY WRITS.
This matter came to the court on an appeal by third party defendant, Lumbermen’s Mutual Casualty Company from the granting of a motion for summary judgment in favor of third party plaintiff, Ferrara, Inc. The court found that Lumbermen’s extended insurance coverage to Ferrara, Inc. for the alleged negligence of Fer-rara, Inc. in sending its employee on an errand in his automobile “when it knew or should have known of his physical infirmities and inabilities in safely operating a vehicle on the public streets.” The issue is whether Lumbermen’s general liability policy afforded coverage to Ferrara, Inc. for the alleged negligence notwithstanding an exclusion against liability arising out of the ownership, maintenance, operation or use of an automobile.
Plaintiff filed suit for damages he sustained when his motorcycle was struck by an automobile driven by Salvatore Ferrara. He amended his petition to join Ferrara, Inc. as a defendant on theories of vicarious liability and Ferrara, Inc.’s negligence in permitting Salvatore to run an errand in his automobile in the company’s behalf. Fer-rara, Inc. filed a third party demand against Lumbermen’s alleging insurance coverage and seeking enforcement of the contract of insurance between them, including Ferrara, Inc.’s cost of defending the suit.
Ferrara, Inc. filed a motion for summary judgment seeking declaration that there was insurance coverage, and Lumbermen’s filed a cross motion seeking a dismissal of the third party demand on the basis of the policy’s exclusion. The trial judge denied Lumbermen’s motion and granted Ferrara, Inc.’s motion only with respect to the claim asserted for “negligent entrustment” of the vehicle. He held that the claim based on *1267 vicarious liability was clearly excluded from coverage. From that judgment Lumbermen’s appealed.
Plaintiff moved to dismiss the appeal on the basis that the summary judgment would not dispose of the litigation and would have no effect on the pending trial in the district court since the matter would proceed to trial regardless of the outcome of the appeal. In our original opinion we granted the motion to dismiss; however, we granted a rehearing from this judgment on Lumbermen’s application and now treat the appeal as an application for supervisory writs, considering Herlitz Constr. Co. v. Hotel Investors of New Iberia, 396 So.2d 878 (La.1981).
In LeJeune v. Allstate Ins. Co., 365 So.2d 471 (La.1978) the court considered a tort claim based on the negligence of a deputy sheriff in failing to secure properly the intersection through which a funeral cortege was passing. The deputy had been assigned to escort the procession and the accident happened as the victims were in the procession going against a red light at an intersectionV- Western World Insurance Company’s professional liability policy excluded bodily injury arising out of the ownership, operation or use of an automobile. Noting that such an exclusion clause does not apply where the insured’s act of negligence is independent of, even though concurring with, the use of an automobile the court reasoned that it was not the deputy’s use of an automobile that lead to his liability, but rather, it was his failure to supersede the automatic traffic signal and warn traffic approaching the highway that a funeral procession was going to pass. The court continued that the basis for the deputy’s liability was his negligent failure to perform his law enforcement duty, not his negligent use of a vehicle.
In Connor v. Farmer, 382 So.2d 1069 (La.App. 4th Cir. 1980) this court had to construe an exclusion in an insurance policy which made the insurance inapplicable to injury or damage “arising out of the discharge .... of ... . toxic chemicals, liquids or gases, waste materials or other irritants . . . . ” The court held that the exclusion did not apply because the executive offi-eer’s liability arose out of his failure to provide appropriate protective apparel when sending workmen into an area known to contain irritants and not from the discharge of sandblasting matter per se. The instant case is analogous in that plaintiff’s suit against Ferrara, Inc. did not arise out of the use of the automobile but out of Ferrara, Inc.’s negligence in permitting Ferrara to operate an automobile on its behalf when Ferrara was incompetent to do so.
Also supportive of this position is Frazier v. State Farm Mut. Auto. Ins. Co., 347 So.2d 1275 (La.App. 1st Cir. 1977) in which suit was brought by the mother of a small child who was run over by the automobile driven by the daughter of a couple who were baby sitting for the child. Their home owner’s insurer sought to avoid coverage based on an exclusion against bodily injury arising out of the ownership, maintenance, operation or use of an automobile. However, the court concluded their negligence consisted in not properly attending to the child while baby sitting, not in the negligent operation of the motor vehicle by their daughter.
In the final analysis, Lumbermen’s problem is with the following proposition from Benton Casing Service, Inc. v. Avemco, Ins., 379 So.2d 225 (La.1979):
“Briefly stated, the law is to the effect that the insurer is required to clearly express exclusions to its insuring obligations and that any doubt or ambiguity is to be resolved against the insurer ... . ”
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.