412 So.2d 1297 (1982)
Gary E. PICOU
v.
Salvatore FERRARA et al.
No. 81-C-2705.
Supreme Court of Louisiana.
April 5, 1982.
Rehearing Denied May 14, 1982.
*1298 A. Lane Plauche, Reid K. Hebert, Plauche, Smith Hebert & Nieset, Lake Charles, John G. Gomila, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for applicant.
Paul A. Bonin, Levenson & Bonin, Dennis M. Ferrara, Ferrara & Ferrera, James H. Drury, Drury & Lozes, New Orleans, for respondent.
DIXON, Chief Justice.
This suit for damages arose when plaintiff was injured in an accident in which his motorcycle was struck by an automobile owned and operated by defendant, Salvatore Ferrara; defendant was on an errand for his employer at the time of the accident. Ferrara, Inc., the corporation that employed Salvatore Ferrara, was also joined as defendant on theories of vicarious liability and negligent entrustment. Lumbermens Mutual Casualty Company, the corporation's general liability insurer, was joined by Ferrara, Inc. as third party defendant; Ferrara, Inc. sought enforcement of the contract of insurance between them.
Ferrara, Inc. filed a motion for summary judgment seeking a declaratory judgment that Lumbermens' general liability policy provided coverage. Lumbermens filed a cross motion for summary judgment seeking dismissal of the third party demand based on the policy's exclusion of liability for damages arising out of the use of an automobile by any person in the course of his employment. The trial judge denied Lumbermens' motion, granted Ferrara, Inc.'s motion, and declared there was coverage, under the "occurrence" and "all operations necessary or incidental to the business" clauses, for claims based on Ferrara, Inc.'s negligence in hiring an incompetent driver. The judgment rejected liability claims against Lumbermens based on vicarious liability, and held such claims to be clearly excluded from the policy's coverage.
The court of appeal, on rehearing, affirmed the decision of the trial court. Picou v. Ferrara, 404 So.2d 1265 (La.App. 1981). We granted Lumbermens' petition for writs of review, and reverse.
Ferrara's general liability policy included a special multi-peril liability insurance form for bodily injury and property damage. The policy listed numerous liability exclusions, excluding coverage for special risks for which appropriate insurance is available.[1] Clause 1(b)(2) of the policy clearly excludes liability for bodily injury or property damage arising out of the use of an automobile by an employee in the course of his employment.
The relevant coverage and exclusion clauses are:
"1. COVERAGE CBODILY INJURY AND PROPERTY DAMAGE LIABILITY:
The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements."
"Exclusions
This insurance does not apply
(b) to bodily injury or property damage arising out of the ownership, maintenance, *1299 operation, use, loading or unloading of
(1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or
(2) any other automobile or aircraft operated by any person in the course of his employment by any insured;
but this exclusion does not apply to the parking of an automobile on insured premises, if such automobile is not owned by or rented or loaned to any insured."
The court of appeal relied on LeJeune v. Allstate Insurance Co., 365 So.2d 471 (La. 1978); Connor v. Farmer, 382 So.2d 1069 (La.App.1980) and Frazier v. State Farm Mutual Automobile Insurance Co., 347 So.2d 1275 (La.App.1977) to support its conclusion that the policy made Lumbermens liable for damages arising out of Ferrara, Inc.'s negligence in sending an employee on an errand in his car "when it knew or should have known of his physical infirmities and inabilities in safely operating a vehicle on the public streets." Those cases, however, do not justify holding Lumbermens liable for damages that arose out of the use of an automobilea specific exclusion.
In LeJeune a sheriff's deputy was assigned to lead a funeral cortege. He approached the intersection of two rural highways marked by a flashing red light. The deputy slowed and proceeded through the intersection, and the cortege followed. Another car was traveling at an excessive rate of speed on the favored highway that was marked by a flashing amber light. The speeding car collided with the hearse, causing the death of the funeral director who was a passenger in the hearse and injuries to both drivers. Western World Insurance Company's professional liability policy excluded bodily injury arising from the ownership, use or operation of an automobile. This court held Western World's liability arose, not from the use of an automobile, but from the deputy's breach of his law enforcement duties in failing to secure the intersection to allow the cortege to proceed safely. The deputy could have protected the intersection with or without the use of his vehicle. He could have parked the car on the roadside and personally directed traffic, or he could have blocked the intersection with the car. It was his failure to guard the intersection that resulted in the collision, not the use or nonuse of the automobile. The professional liability policy was designed to cover the breach of duties by law enforcement officers. Since the deputy neglected his professional responsibility, the consequences that followed were covered by the professional liability policy.
In Connor v. Farmer, supra, the court of appeal found that the plaintiff's silicosis was caused by sending him into a contaminated area with inadequate protective clothinga risk not excluded from coverage; the fact that another cause of injury might have been an excluded risk (the discharge of pollutants) was held not to defeat coverage.
In Frazier the Vedros couple was baby-sitting a child in their home. The child was injured when the couple's minor daughter ran over the child with her parents' car. Republic Underwriters Insurance Company was the Vedros' insurer under their homeowners policy. The policy contained an exclusion for injury arising from the operation of a motor vehicle. The insurer filed a peremptory exception of no cause of action which was sustained by the trial court. The court of appeal reversed and remanded for a trial on the merits.[2] The court noted that the petition alleged two causes of action. One was against the automobile insurer for the driver's negligent operation of a vehicle. The other cause of action was against Albert and Beula Vedros for "`... not minding said child and knowing the whereabouts of said child and seeing to it that said child was not in the way of any vehicles driven by anyone on said property since Beula *1300 Vedros was temporarily tending said child for plaintiff and they were otherwise at fault.'" Frazier v. State Farm Mutual, supra at 1276. Frazier held that the petition did state a cause of action against Republic. Since there was an accident on the Vedros' property, which was protected by Republic's homeowners policy, there was a cause of action against the insurer for any injuries that were happened at the Vedros home. Use of the automobile was not essential to such a theory of liability for injury to a child on the premises. The automobile was an essential fact of the accident, but only incidental to the theory of liability under the homeowners policy.
Here the coverage in the policy for bodily injury liability is very broad, but limited to those injuries arising out of the use of the premises "and all operations necessary or incidental to the business ... conducted at or from the insured premises ..." Deliveries from the premises are therefore covered, except automobile deliveries.
Liability for all injuries arising out of the use of automobiles is excluded (except for parking of nonowned cars on the premises). Liability for injuries arising out of automobile deliveries are therefore excluded, even though one cause of the injury might have been the negligent choice of the deliveryman who drove the car, and another might have been the employer's responsibility for the employee's acts. The use of the automobile, a risk excluded from the policy, is a common and essential element in each theory of liability. Not so in the LeJeune case. The breach of his law enforcement duties by the deputy in LeJeune was independent from the use of the automobile, and that breach of duty, not the use of the automobile, was the cause of the accident.
In Frazier the homeowners policy was designed to cover liability for injuries on the Vedros' property, and the court of appeal properly found a cause of action stated against the insurer.[3]
To the extent that Connor v. Farmer, 382 So.2d 1069 (La.App.1980) may be contrary to this opinion, it is overruled.
For these reasons, the judgment of the court of appeal is reversed. Summary judgment is now granted in favor of defendant, Lumbermens Mutual Casualty Company, dismissing it from this action, at plaintiff's cost.
LEMMON, J., concurs.
NOTES
[1] For example, the policy did not apply to automobiles, aircraft, watercraft, water or air pollutants or worker's compensation claims. All exclusions are special risks for which Ferrara, Inc. could have purchased appropriate coverage by paying additional premiums.
[2] There are no reported decisions dealing with the litigation in Frazier following the remand by the court of appeal.
[3] Other court of appeal cases properly interpreting the exclusion clause in premises liability policies are Hill v. Liberty Mutual Insurance Co., 357 So.2d 61 (La.App.1978) and Hurston v. Dufour, 292 So.2d 733 (La.App.1974). In the Hill case, the insured's minor son was driving a borrowed motorbike on which plaintiff's minor son was a passenger. Injury resulted from the operation of the motorbike by the insured's son. The general homeowners liability policy excluded coverage for "`bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) ... (2) any motor vehicle owned or operated by, or rented or loaned to any Insured...'" Hill v. Liberty Mutual, supra at 62. The insured argued that because of the vicarious liability of a parent for damages occasioned by his minor under C.C. 2318, the police exclusions were inapplicable. The insured tried to distinguish his legal fault for the acts of his son from the injuries caused by the son's operation of a motorbike. The court of appeal rejected the argument while pointing out that it ignored the unambiguous provision of the policy.

In Hurston v. Dufour, supra, the insured attempted to establish coverage under her homeowners policy for an automobile accident caused by her son while away from home. The argument was identical to that in Hill. The insured claimed the automobile exclusion was inapplicable because her liability for the acts of her son were due to legal fault arising from C.C. 2318. The court of appeal properly rejected the argument, and noted that it was an effort "... to create an automobile insurance contract out of a homeowners policy designed primarily to cover liability resulting from incidents occurring on the premises of the insured...." Hurston v. Dufour, supra at 739. The court noted that the policy was designed to exclude liability arising in any manner from the operation of the vehicle while away from the premises of the insured.