STOKER, Judge.
The sole issue in this appeal is whether a homeowner’s insurance policy, in which Deanna Hymel was an insured, provided coverage for bodily injury to a guest passenger in a vehicle operated by the homeowner’s minor son on a public highway. The vehicle was owned by the minor’s father who was divorced from the defendant. The trial judge found coverage and awarded damages. We reverse.
FACTS
This is a personal injury suit filed by Elizabeth Reason, individually and on behalf of her minor daughter, Christie George. Christie was a guest passenger in a pickup truck owned by Gerard Lemoine and driven by Gerard’s minor son, Jason Lemoine. Christie was injured on June 28, 1988, when Jason failed to negotiate a curve on La. Hwy. 451 in Avoyelles Parish. The vehicle left the road and overturned in the ditch.
Elizabeth Reason filed this suit against Gerard Lemoine, Jason Lemoine, Millers Casualty Insurance Co. (Gerard’s liability insurer), Deanna K. Hymel (Jason’s mother and custodial parent) and State Farm Fire and Casualty Co. (Deanna’s homeowner’s insurer). Plaintiffs settled their claims against Gerard Lemoine, Jason Lemoine, Millers Casualty Insurance Co. and Deanna Hymel and dismissed their suit against them, leaving only State Farm as a defendant.
State Farm filed a motion for summary judgment alleging no coverage under an exclusion of personal injuries arising out of the use of a motor vehicle by an insured. The trial judge denied the motion. After a trial on the merits, the trial judge rendered judgment against State Farm and awarded plaintiffs $53,827.50 damages.
State Farm appeals this judgment on the basis of coverage. We reverse.
OPINION
In his written reasons for judgment, the trial judge stated that the issue of coverage was previously adjudicated. However, *563 we can find no judgment on the issue of coverage in the record; there is only a minute entry indicating a denial of State Farm’s motion for a summary judgment on the issue of coverage. Evidently, the trial judge concluded that there was coverage, so we will address the issue of the correctness of this ruling.
The trial judge clearly erred in finding coverage for Christie George’s injuries under Deanna Hymel’s homeowner’s insurance.
The homeowner’s policy issued by State Farm to Deanna K. Hymel provides in pertinent part as follows:
“DEFINITIONS
[[Image here]]
4. “Insured” means you and, if residents of your household:
a. your relatives;
b. any other person under the age of 21 who is in the care of a person described above.”
[[Image here]]
SECTION II — LIABILITY COVERAGES
COVERAGE L — Personal liability
If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
1. pay up to our limit of liability for the damages for which the insured is legally liable; ...”
[[Image here]]
SECTION II — EXCLUSIONS
1. Coverage L and Coverage M do not apply to:
[[Image here]]
(e) bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of:
[[Image here]]
(2) a motor vehicle owned or operated by or rented or loaned to any insured; or ...
[[Image here]]
(f) bodily injury or property damage arising out of:
(1) the entrustment by any insured to any person;
(2) the negligent supervision by any insured of any person;
(3) any liability statutorily imposed on any insured; or
(4) any liability assumed through an unwritten or written agreement by any insured;
with regard to the ownership, maintenance or use of any aircraft, watercraft, or motor vehicle (or any other motorized land conveyance) which is not covered under Section II of this policy;”
The policy clearly and unambiguously excludes bodily injury caused by an insured arising out of the use of a motor vehicle owned or operated by any insured. See Section II, Exclusion 1(e)(2) of the policy. Such an exclusion does not violate any public policy of this state. See Picou v. Ferrara, 412 So.2d 1297 (La.1982); Barber v. Lee, 597 So.2d 1163 (La.App. 1st Cir.1992); Hill v. Liberty Mut. Ins. Co., 357 So.2d 61 (La.App. 4th Cir.), writ ref d, 359 So.2d 196 (La.1978); Hurston v. Dufour, 292 So.2d 733 (La.App. 1st Cir.), writ ref'd, 295 So.2d 178 (La.1974).
On appeal, State Farm urges that Jason Lemoine was an insured because Deanna Hymel was his legal custodian, and Jason was, therefore, an insured. We agree that under the State Farm homeowner’s policy, if Jason was an insured, his liability was excluded. If Jason was not an insured, the policy does not come into play insofar as his liability is concerned. Consequently, we need not decide the question.
State Farm argues that because Jason was living with his father, Deanna’s former husband, Deanna should not be statutorily liable under LSA-C.C. art. 2318. State Farm urges that serious questions have been raised as to the present viability of holding the custodial parent liable for the torts of their minor children where they actually are living with the non-custodial parent. State Farm urges policy reasons *564 for reexamining prior jurisprudence on the subject.
We need not consider this interesting subject for the policy itself excludes any statutorily imposed liability Deanna might have had. Section II, Exclusion 1(f)(3). The exclusion is clear and unambiguous.
CONCLUSION
We find that State Farm’s homeowner’s policy provided no 'coverage for any liability of Jason Lemoine or Deanna Hymel.
DISPOSITION
For the reasons given, the judgment of the trial court is reversed. Costs of this appeal are assessed to plaintiffs-appellees.
REVERSED.