CIACCIO, Judge.
We granted certiorari in this case following the trial judge’s overruling of defendant’s peremptory exceptions and denial of defendant’s motion for summary judgment. For the reasons set forth, we reverse the judgment of the trial court.
This action arises out of a single accident involving two vehicles in which three minors were seriously injured. On March 23, 1985, Hillary Smith, Kendra Sutton and Elizabeth Shore were visiting a hunting lodge in St. Francisville, Louisiana and were operating two Honda four wheel vehicles which were owned by Mr. and Mrs. George Woodside. This accident occurred when the two vehicles in which the minors were riding collided. Three suits were then brought on behalf of these minors against the Woodsides, their homeowner’s insurer, USAA Casualty Company (hereinafter USAA), and Continental Casualty Company (hereinafter CNA), the Wood-sides personal umbrella excess carrier. Plaintiffs alleged in their petitions that the Woodsides were liable for their injuries because of their negligent supervision of the minors in the operation of these vehicles. USAA refused to defend the Woodsides under their homeowner’s policy, based a clause in the policy which excluded coverage for accidents involving recreational vehicles.
Because of a clause in the excess policy which provides that coverage by CNA would drop down to the first dollar amount if primary insurance failed, CNA was called in to defend the Woodsides. The Woodsides and CNA then sued USAA seeking a declaratory judgment as to whether the Woodsides were afforded coverage under USAA’s homeowner’s policy. The trial court ruled that the USAA policy provided coverage, and USAA appealed to this court. In Smith v. USAA Cas. Ins. Co., 532 So.2d 1171 (La.App. 4th Cir.1988), this Court affirmed the judgment of the trial court and ordered that USAA had a duty to defend the Woodsides in this matter, because the exclusion in USAA’s policy only applied to *574 the use of recreational vehicles, and not to the negligent supervision of the operators of said vehicles as alleged by plaintiff.
Prior to the trial of this matter, USAA and other insurers entered into a settlement agreement with plaintiffs in which plaintiffs released their claims against the Woodsides and USAA and other defendants and insurers. The settlement amount paid by USAA was within its policy limits. CNA contributed nothing to the settlement and CNA was not given a release by the plaintiffs. However, CNA did consent to the judgment of homologation dated November 2, 1989 which contains the following language:
The foregoing counsel advised the Court that an agreement of settlement and compromise has been reached between all parties for all claims and-causes of action arising from and/or associated with the accident which occurred and the injuries sustained on March 23, 1985, with the exception of a coverage dispute between USAA Casualty Company and Continental Casualty Company, all rights under which have been reserved and the said dispute will be submitted to the Court for resolution. Under the said agreement of settlement and compromise:
* * * * * *
(4) The dispute between USAA Casualty Company and Continental Casualty Company as' to whether the USAA policy provides coverage for Mr. and Mrs. George Woodside under the facts of this case, thereby affecting USAA’s right to be reimbursed for the aforesaid settlement sums paid by it, shall be submitted to the Court for resolution.
Following the execution of this settlement agreement, USAA sought to have a trial by jury to determine whether the Woodsides negligently supervised the minors so as to afford them coverage under the primary policy, or whether the exclusion applied, making CNA’s policy applicable. CNA filed peremptory exceptions of no cause or right of action, res judicata and alternatively, a motion for summary judgment, arguing that USAA settled the claim with plaintiffs for within the primary policy limits, and that therefore USAA has no cláim against CNA.
The trial court overruled CNA’s exceptions and denied the motion for summary judgment. In its reasons for judgment, the court stated that under the terms of the settlement agreement, if the Woodsides were found not guilty of negligent supervision, USAA’s exclusion applies and USAA could then claim reimbursement from CNA for the amount paid in settlement. Under the factual circumstances presented here, we disagree. Although the trial court correctly concluded that the coverage issue could not be decided in limine, we find that this issue cannot be brought to a trial on the merits.
In brief, USAA argues that although the issue of whether they must provide a defense to the Woodsides has been adjudicated, the question of indemnification of USAA remains an issue. USAA contends that it has rights of subrogation against CNA both by operation of law and by the clear terms of the judgment of homolo-gation, and that a trial is necessary to determine whether the settlement amounts paid to the plaintiffs were actually done so on behalf of CNA, assuming the USAA policy does not provide coverage under the facts of this case.
This argument is fatally flawed in two respects. First, other than á contractual agreement between the parties, USAA has no legal basis upon which to bring a claim for indemnification against CNA. Because USAA, as primary insurer, settled plaintiffs’ claims for well within its primary limits, it had no rights of subrogation against CNA, the excess carrier. By the terms of the policy, CNA’s coverage only applied when USAA had reached its maximum policy limit, or when coverage was not provided by the USAA policy.
Secondly, USAA’s reliance on the contractual language in the judgment of ho-mologation in which it reserves the right to claim reimbursement from CNA following a determination of the coverage issue by the court completely overlooks the specific holding of this Court in Smith v. USAA *575 Cas. Ins. Co., supra, which ordered USAA to provide a defense to the Woodsides.
The determination of a coverage dispute usually requires the trial court to interpret the specific language of two or more primary policies. The negligence or liability of the insured is usually not in dispute and no trial on the merits is required to determine the coverage issue.
However, in this case, the coverage dispute between USAA and CNA cannot be resolved without a trial on the merits, wherein the central issue would concern the negligence of the Woodsides in causing this accident. For USAA to recover from CNA for the settlement amounts paid, USAA must prove negligence on the part of the Woodsides and there must be a judgment of liability against the Wood-sides. Without an adjudication of fault on the part of the insureds, neither USAA nor CNA would be held liable for the damages alleged by plaintiffs. In order for USAA to collect against CNA for the amount paid in settlement, USAA must prove:
(1) that the Woodsides were negligent;
(2) that their negligence fell with the exclusion in the policy concerning recreational vehicles; and
(3) that if both the preceeding facts were proved, then CNA agreed to indemnify and reimburse to USAA any amounts it had previously paid in settlement.
This, however, would require USAA to prosecute plaintiffs’ claims against the Woodsides, their insureds, for their negligence, which is clearly against the public policy of this State. Further, CNA would then be put into a position of being required to defend the Woodsides on the negligence allegations, which this Court previously held to be the sole obligation of USAA. Although CNA and USAA may have reserved their rights to have the coverage issue determined by the court, CNA did not agree to assume the defense of the Woodsides at a trial on this issue, nor did CNA agree to indemnify or reimburse USAA for the amounts paid in settlement. Further, the settlement entered into by USAA did not contain an agreement on the part of the Woodsides to submit to a trial on the issue of their negligence in order to determine coverage in the face of the Woodsides’ denial of any liability for plaintiffs injuries and after the Woodsides were fully released from any further liability under the express language of the settlement agreement.
USAA cannot shift its duty to defend their insureds to the excess liability insurer by claiming they do not provide coverage absent an express agreement by CNA to provide a defense for the Woodsides and indemnify USAA if that policy was found to exclude coverage, and without the specific consent of the insureds to submit to a trial despite their release from liability by the plaintiffs. When USAA elected to settle plaintiffs’ cases rather than proceed to trial, they waived and relinquished any further right to a trial on the merits on the issue of the negligence of their insureds. We find that the language in the judgment of homologation reserving to USAA and CNA all rights to litigate the coverage issue is insufficient to require a trial on the merits to determine the issue of the negligence of the insureds such as would be necessary in this instance.
We find that because USAA settled with plaintiffs for within their policy limits, they have no legal rights of subrogation against the excess insurer for the amount paid. Further, we conclude that absent any express contractual agreement by CNA to defend the Woodsides and indemnify USAA, or by the Woodsides to participate in a trial on the issue of their liability for plaintiffs’ damages, USAA is precluded as a matter of law from seeking reimbursement from CNA for the settlement amounts paid to plaintiffs. For these reasons, the judgment of the trial court-which denied the motion for summary judgment is reyersed. There is judgment in favor of CNA and against USAA, dismissing USAA’s claim for reimbursement against CNA, at USAA’s cost.
REVERSED AND RENDERED.