532 So.2d 1171 (1988)
Mary Margaret Smith, wife of/and Arthur SMITH, Individually and on behalf of the Minor Child Hillary Smith
v.
USAA CASUALTY INSURANCE COMPANY
Patricia Latter, divorced wife of William SHORE, Etc.
v.
USAA CASUALTY INS. CO., et al.
Joseph SUTTON, etc.
v.
USAA CASUALTY INS. CO., et al.
Mr. & Mrs. George J. WOODSIDE, II, et al
v.
USAA CASUALTY INS. CO.
Nos. 88-CA-0482 to 88-CA-0485.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1988.
Rehearing Denied November 16, 1988.
Timothy G. Schafer, Schafer & Schafer, New Orleans, for appellant.
Raymon G. Jones, Deutsch, Kerrigan & Stiles, New Orleans, for appellees.
Before GARRISON, KLEES and LOBRANO, JJ.
LOBRANO, Judge.
This is an appeal from a declaratory judgment and the granting of a summary judgment in consolidated suits.
The subject of the consolidated suits involves a single accident in which it is alleged that three minors were injured. On March 23, 1985 Hillary Smith, Kendra Sutton, Elizabeth Shore and Shelley Mount were riding two Honda four wheel vehicles owned by Mr. & Mrs. George Woodside on *1172 property owned by Mrs. Woodside in St. Francisville, Louisiana. Mr. and Mrs. Woodside had taken their children and some of their friends on a weekend trip to a hunting lodge. The lodge was owned by Henry Mills, Mrs. Woodside's grandfather, who leased the property from Mrs. Woodside.[1] The accident occurred on a gravel road in front of the hunting lodge while Mr. Woodside was in the backyard and Mrs. Woodside was in the lodge. Kendra Sutton, Elizabeth Shore and Hillary Smith were injured when they collided on the two recreational vehicles they were operating.[2]
Three suits brought on behalf of the minors were filed in the district court. The named defendants which are relevant to this appeal are Mr. and Mrs. George Woodside, the Woodsides' homeowner insurer, USAA Casualty Insurance Company, (hereinafter USAA), and Continental Casualty Company (hereinafter CNA), the Woodsides' personal umbrella excess insurer. Each of the plaintiffs allege that the Woodsides are liable because of their negligent supervision of the minors. USAA denied liability coverage under certain terms of its homeowners policy and refused to defend the Woodsides in the consolidated actions. CNA has been defending the Woodsides.
The Woodsides and CNA then sued USAA seeking a declaration of coverage under USAA's homeowner policy, as well as penalties and attorney fees for arbitrary refusal to defend. The Woodsides and CNA also moved for summary judgment in the consolidated tort suits seeking the same relief. USAA filed a cross motion for summary judgment requesting dismissal from the consolidated suits because its homeowner's policy did not provide coverage for the accident.
The trial judge granted the Woodsides' and CNA's motion for summary judgment and declaratory relief and ruled that the USAA homeowner's policy provided coverage. The trial court denied the penalties and attorney's fees requested.
USAA appeals arguing that liability coverage under its homeowner's policy is not provided because of one of the policy's exclusions.[3] CNA and the Woodsides also seek to modify the trial court's ruling by arguing in their brief that the trial court should have granted their request for penalties and attorney's fees. However, because CNA and the Woodsides failed to answer this appeal, this court will not consider the trial court's ruling on that issue. C.C.P. Art. 2133.
The sole issue for our determination, therefore, is whether USAA's policy provides coverage for the alleged acts of negligence asserted in the tort suits against the Woodsides.
The homeowner's policy provides the following personal liability coverage in Sections II, Coverages E and F.
"COVERAGE EPERSONAL LIABILITY
This company agrees to pay on behalf of the insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient. This Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of this Company's liability has been exhausted by payment of judgments or settlements.
*1173 COVERAGE FMEDICAL PAYMENTS TO OTHERS
This Company agrees to pay all reasonable medical expenses, incurred within one year from the date of the accident, to or for each person who sustains bodily injury to which this insurance applies caused by an accident, while such person is:
(1) on an insured premises with the permission of any insured; or
(2) elsewhere, if such bodily injury

(a) arises out of a condition in the insured premises or the ways immediately adjoining.
(b) is caused by the activities of any Insured or by a residence employee in the course of his employment by any insured. (Emphasis added)
The exclusionary provisions relied on by USAA provide as follows:
"This policy does not apply:
(1) Under Coverage EPersonal Liability and Coverage FMedical Payments to Others:
(a) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
* * * * * *
(3) any recreational motor vehicle owned by any insured, if the bodily injury or property damage occurs away from the residence premises; but this subdivision (3) does not apply to golf carts while used for golfing purposes."
USAA argues that the vehicles involved in the accident are clearly recreational vehicles which were operated on property not designated as the residence premises, or as additional residence premises, and therefore the exclusion applies. The Woodsides and CNA argue that the allegations in the tort suit state a cause of action against the Woodsides for their failure to supervise the minors entrusted in their care, and thus the exclusion is not applicable.
We agree with USAA that the vehicles involved were recreational vehicles within the meaning of the policy, and we further agree that the hunting camp is not a "residence premises" within the policy definitions. However, it is clearly an "insured premises" as that term is defined in subsection (d) under GENERAL CONDITIONS. That subsection states an insured premises means "any premises which are not owned by any Insured but where the Insured may be temporarily residing." Thus the issue is narrowed to whether the allegations assert a claim arising out of the use of the recreational vehicles within the meaning of the exclusion clause.
In Frazier v. State Farm Mutual Automobile Insurance Co., 347 So.2d 1275 (La.App. 1st Cir.1977), writ denied, 351 So.2d 165 (La.1977) our brethren of the First Circuit held that, even though the homeowner's policy excluded coverage for the operation of a motor vehicle, the plaintiff's cause of action was the improper supervision by defendant of plaintiff's minor child entrusted to defendant's care. In that case, an automobile owned by defendant and driven by defendant's daughter struck and injured the child. The Court reasoned, however, that coverage was applicable since the cause-in-fact negligence asserted was not in the operation of the vehicle, but in the failure to supervise the child.
In LeJeune v. Allstate Insurance Co., 365 So.2d 471 (La.1978), a wrongful death action, plaintiff's decedent was killed in an auto collision. He was riding as a passenger in a funeral hearse. A sheriff's deputy was leading the funeral procession when the accident occurred on a rural highway intersection through which the funeral procession was travelling. The hearse failed to stop at a flashing light and collided with a speeding vehicle on the favored highway. The deputy failed to secure the intersection in order that the procession could safely cross the highway. The plaintiff sued the sheriff's office and its general professional liability insurer. That policy contained an exclusion for "bodily injury arising out of ownership, operation or use, loading or unloading, of land motor vehicles." Our Supreme Court held that the deputy's negligence was a cause-in-fact of the accident and that the exclusionary provisions were *1174 inapplicable. With regard to the policy exclusion the Court stated:
"An exclusion clause in a liability policy is strictly construed against the insurer and in favor of coverage, if more than one interpretation is possible. (citations omitted) Consonant with this principle, the decisions we could find hold that, where the automobile use exclusion clause is sought to be applied so as to avoid coverage for injuries otherwise covered by a general liability policy, the exclusion clause does not apply where the insured's act is a result of negligence independent of, even though concurring with his use of an automobile." Id. at 479.
A reasonable interpretation of these decisions is that a policy exclusion for the operation of a vehicle (whether automobile or recreational vehicle) is not applicable where the asserted negligence or cause-in-fact of the injuries is independent of the vehicle's operation. Strict construction of the exclusion in the instant case requires us to hold it inapplicable. Here, as in LeJeune, supra, and Frazier, supra the negligence asserted against the Woodsides is their failure to supervise the minors who were operating the vehicles, not the negligent operation of the vehicles.
We therefore hold that USAA's policy affords coverage and they are obligated to defend their insured.
AFFIRMED.

On Motion for Rehearing
We deny rehearing in this matter but clarify our original opinion as follows.
Our original decree affirmed the judgment of the lower court. Defendant-appellant argues that our holding implies that there is indemnification coverage as well as a "duty to defend" coverage. Although we disagree that such an implication is suggested by our opinion, for clarification purposes we state as follows. Based on the allegations of the pleadings, USAA has a duty to defend the Woodsides in this action. The issue of whether USAA must indemnify for any loss depends on whether plaintiffs can prove those allegations.
NOTES
[1] Mrs. Woodside acquired the land through inheritance.
[2] Hillary and Kendra were the drivers, and Elizabeth and Shelley were passengers. Shelley jumped from the vehicle she was riding prior to the collision.
[3] The declaratory judgment and the summary judgment in the consolidated tort suits have been consolidated in this appeal.