914 So.2d 100 (2005)
Michael OTWELL and Karen Otwell, Plaintiff-Appellant
v.
STATE FARM FIRE AND CASUALTY COMPANY, Brandon Morris, Carolyn Lonidier and Danny Lonidier, Defendant-Appellee.
No. 40,142-CA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 2005.
*101 A. Scott Killen, for Appellant.
Martin S. Craighead, for Appellee, State Farm Fire and Casualty Company.
Before WILLIAMS, STEWART and DREW, JJ.
WILLIAMS, J.
Plaintiffs, Michael Otwell and Karen Otwell, filed suit after their minor son, Cory Dale Otwell, was killed in an automobile accident. Plaintiffs now appeal the judgment of the trial court granting a motion for summary judgment filed by defendant, State Farm Fire and Casualty Company ("State Farm"). For the reasons assigned below, the judgment of the trial court is affirmed.

FACTS
The following allegations are set forth in plaintiffs' petition for damages and first amending and supplemental petition for damages. On June 6, 2003, defendants, Carolyn Lonidier and Danny Lonidier ("the Lonidiers"), left home for the weekend, leaving Carolyn's 17-year old son, Brandon Morris ("Brandon"), unattended. On that same evening, Brandon invited a number of minor children to the Lonidiers' home for a party, which extended overnight and into the morning of June 7, 2003. During the party, Brandon, who had a *102 history of alcohol and drug use, consumed alcohol and controlled dangerous substances and made them available to the other minors present.
Cory Dale Otwell, the 16-year old son of Michael and Karen Otwell, attended the party at the Lonidiers' home. In the early morning of June 7, 2003, Brandon borrowed a 1999 Chevrolet Blazer from Jonathan Waltman, one of the other minor party guests.[1] Brandon left the home driving under the influence of alcohol and/or controlled dangerous substances. Cory Otwell was the only passenger in the vehicle. At approximately 5:15 a.m., Brandon failed to negotiate a curve on Louisiana Highway 821 in Lincoln Parish, and the vehicle left the roadway on the right curve. Brandon over-corrected and lost control of the vehicle. The vehicle became airborne, struck a tree on the passenger side of the vehicle and burst into flames. Cory Otwell suffered severe injuries and subsequently died.
Michael and Karen Otwell filed a wrongful death suit, alleging inter alia, the Lonidiers failed to properly supervise Brandon and the minor guests in their home. Plaintiffs named as a defendant State Farm, the Lonidiers' homeowner's insurer.[2] In response, State Farm filed a motion for summary judgment, arguing Cory Otwell died as a result of an automobile accident, and the use of an automobile is excluded under the language of the homeowner's policy.
The trial court granted State Farm's motion. First, the trial court acknowledged that plaintiffs had not alleged that the language of the homeowner's policy is ambiguous. Next, although the trial court recognized that the accident occurred while Brandon was negligently supervised, and the accident presumably would not have occurred but for the negligent supervision, citing this court's decisions in Mahlum v. Baker, 25,876 (La.App. 2d Cir.6/24/94), 639 So.2d 820 and Oaks v. Dupuy, 26,729 (La.App. 2d Cir.4/5/95), 653 So.2d 165, writ denied, 95-1145 (La.6/16/95), 655 So.2d 335, the court concluded that the policy's automobile use exclusion applied because, although Brandon was negligently supervised, he was operating a motor vehicle at the time of the accident.[3]

DISCUSSION
LSA-C.C.P. art. 966 provides, in pertinent part:
A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article *103 969. The procedure is favored and shall be construed to accomplish these ends.
* * *
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
* * *
An appellate court reviews the district court's grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn therefrom in the light most favorable to the non-movant; in ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence nor to determine the truth of the matter, but to determine whether there is a genuine issue of material fact, i.e., an issue on which reasonable persons could disagree. Barringer v. Rausch, 39,553 (La.App. 2d Cir.4/6/05), 900 So.2d 232; Peretin v. Caddo Parish School Bd., 39,170 (La.App. 2d Cir.12/15/04), 889 So.2d 1190.
In this case, there is no assertion by either party of a material factual dispute. In fact, State Farm has requested this court "to assume, for the limited purpose of its motion, all allegations of negligence against Carolyn Lonidier, Danny Lonidier and Brandon Morris." Thus, the sole issue present for our review is whether plaintiffs are barred from recovery pursuant to the following automobile exclusion contained within the Lonidiers' homeowner's insurance policy:
Section II  Exclusions
1. Coverage L and Coverage M do not apply to:
* * *
e. bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of:
* * *
(2) a motor vehicle owned or operated by or rented or loaned to any insured; or
* * *
f. bodily injury or property damage arising out of:
(1) the entrustment by any insured to any person;
(2) the supervision by any insured of any person;
(3) any liability statutorily imposed on any insured; or
(4) any liability assumed through an unwritten or written agreement by any insured;
with regard to the ownership, maintenance or use of any.... motor vehicle.
An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana *104 Civil Code. Edwards v. Daugherty, 2003-2103, 2003-2104 (La.10/1/04), 883 So.2d 932; Mayo v. State Farm Mut. Auto. Ins. Co., XXXX-XXXX (La.2/25/04), 869 So.2d 96; Barringer v. Rausch, supra. If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. Id. The determination of whether a contract is clear or ambiguous is a question of law. Id. If there is any doubt or ambiguity as to the meaning of a provision in an insurance policy, it must be construed in favor of the insured and against the insurer. LSA-C.C. art. 2056; Mayo, supra. Interpretation of an insurance contract is usually a legal question which can be properly resolved in the framework of a motion for summary judgment. Barringer, supra.
According to plaintiffs, Cory Otwell's death is a direct consequence of the Lonidiers' failure to supervise their son, Brandon, and the lack of supervision is independent of and supercedes the use of the automobile. Conversely, State Farm maintains this case arose as a result of Brandon's operation of an automobile while intoxicated.
In Edwards v. Horstman, 96-1403 (La.2/25/97), 687 So.2d 1007, Cynthia Edwards, while riding as a guest passenger in a vehicle driven by Shane DeMoss, was shot and seriously injured by a passenger in a pickup truck. DeMoss admitted that he knew the occupants of the pickup truck were armed and were chasing the occupants of another vehicle. A passenger in the front seat of DeMoss' vehicle fired a handgun into the air, and simultaneously, Michael Horstman, a passenger in the pickup truck, fired a shotgun, striking Ms. Edwards. Ms. Edwards and her mother filed suit, naming DeMoss' homeowner's insurer as a defendant. The homeowner's policy in that case contained an exclusion with regard to the use of an automobile. The Louisiana Supreme Court stated:
Since the exclusion provision in the [homeowner's] policy is designed to exclude coverage for liability resulting from conduct of an insured that constitutes both a legal cause of injury and a "use" of the vehicle, we are required to answer two separate questions:
(1) Was the conduct of the insured of which the plaintiff complains a legal cause of the injury?
(2) Was it a "use" of the automobile?
Edwards, 687 So.2d at 1011.
After concluding that DeMoss' conduct in allowing his vehicle to remain within range of the shotgun was a cause-in-fact of the shooting, the court went on to determine that DeMoss' conduct was a "use" of the automobile, stating:
In order for conduct to constitute "use" of an automobile, that conduct must be essential to the defendant's liability and the specific duty breached by the insured must flow from use of the automobile. Picou v. Ferrara, 412 So.2d 1297 (La.1982); LeJeune v. Allstate Ins. Co., 365 So.2d 471 (La.1978). Both criteria are met in this case. The duty of Shane DeMoss to Cynthia Edwards arose because of their relationship vis-a-vis the motor vehicle and flowed from the use of the automobile. That duty was breached by DeMoss' failure to operate his vehicle in a prudent manner under the prevailing circumstances.... Thus, the "use" of the automobile was essential to the finding of liability on the part of DeMoss.
Edwards, 687 So.2d at 1012.
This court considered an automobile use exclusion contained in a homeowner's insurance policy in Mahlum v. Baker, supra. In that case, a 10-year old boy was struck and killed by a motor vehicle while driving *105 a trail bike on a public road. The driver of the motor vehicle filed a reconventional demand against the parents of the child and the insurer of their mobile home, alleging, inter alia, the parents were negligent for failing to properly supervise the child while he operated the trail bike. At issue was whether the parents' mobile home insurance policy precluded coverage because of its exclusion for motor vehicle operation or use of motor vehicles. After concluding that the parents did in fact breach their duty to supervise their child, this court addressed the issue of whether the operation or use of the motor vehicle was essential to the breach of that specified duty. To answer that question, this court employed the "common sense" approach suggested by Messrs. McKenzie and Johnson in their treatise on insurance law. See William Shelby McKenzie & H. Alston Johnson, III, 15 LOUISIANA CIVIL LAW TREATISE, Insurance Law and Practice § 72, at 186 (1986). This court stated:
Under this approach, most accidents resulting from the movement of a vehicle by an underaged child, either intentionally or accidentally, should be classified as arising out of "use" of the vehicle. Furthermore, any breach by the child's parents to prevent or supervise such a "use," will also be deemed to have arisen therefrom. However, this general rule should not be without exception. Each decision regarding whether the "use" of the automobile is an essential ingredient of the duty breached by the parents should be tempered by "common sense."
Mahlum, 639 So.2d at 825 (internal citations omitted).
In Oaks v. Dupuy, 26,729, supra, at issue was the negligent entrustment claim against the father of a major son. The plaintiffs alleged the son had a history of consuming alcohol and operating motor vehicles and had been involved in several incidents, including a fatal boating accident. They also alleged that the son had driven a motor vehicle into a building and a parked car, and he had several speeding violations and a prior DWI. This court denied coverage under the automobile use exclusion, stating:
Plaintiffs, quite simply, fail to recognize what their case is about. Despite any general requirement that [the father] not entrust dangerous instruments into the hands of unfit persons, it is clear that no personal injuries could have resulted to these plaintiffs, absent actual use of the vehicle. Consequently, at all junctures, [the son's] "use" and "operation" of the [vehicle] remains a critical and essential element of appellants' negligent entrustment case.... To conclude otherwise is to disregard common sense and attempt to play word games.
Id. at 167.
In Martello v. State Farm Fire & Cas. Co., 96-2375 (La.App. 1 Cir. 11/07/97), 702 So.2d 1179, writ denied, XXXX-XXXX (La.3/20/98), 715 So.2d 1215, parents of a child killed in an automobile accident sued the parents of the driver and their homeowner's insurer, among others. At the time of the accident, Shaun Martello had been left in the care of defendants Charles and Carol Adcock for the weekend. At some point over the weekend, Shaun and Ashley Adcock, the Adcocks' minor son, became passengers in a vehicle being driven by Joseph Sanderson, the minor child of Rick and Rachell Welborn. Joseph was driving at an excessive rate of speed, in an effort to elude police officers who had attempted to stop him for speeding. Joseph ran a red light and struck a tractor trailer. All three boys were killed. The homeowner's policy at issue contained an exclusion clause, precluding coverage for injuries caused by the use of an automobile. The plaintiffs alleged the general liability *106 section of the homeowner's policy provided coverage for the negligent supervision of teenagers. The court held that the automobile use exclusion in the homeowner's policy precluded coverage, stating:
If such a broad interpretation were given to negligent supervision, it would subsume, and write out of the homeowner's insurance policy, all of the exclusions. Further, it would substitute a homeowner's insurance policy for automobile liability insurance.
Martello, 702 So.2d at 1183.
In this case, even assuming, without deciding, that the Lonidiers' failure to supervise Brandon was a legal cause of the accident in question, coverage will be denied if the use of an automobile or motor vehicle is essential to the asserted theory of liability. In their petition for damages, plaintiffs alleged that the Lonidiers were aware of Brandon's "predisposition to use and abuse alcohol and controlled dangerous substances," yet, they left him "unattended at the family home...." In their brief to this court, plaintiffs contend the Lonidiers "failed to supervise the use of their home before they failed to supervise the use of the automobile," therefore, the lack of supervision "is independent of, and supercedes the use of, an automobile."
While we recognize that parents have a general duty to supervise their minor children, it is clear that no personal injuries would have resulted to Cory and his parents absent the actual use of the automobile. It is undisputed that the unsupervised Brandon hosted a party at his parent's home while they were out of town. Nevertheless, at the time of the accident, Brandon was using and operating an automobile, and the duty of the Lonidiers and Brandon to Cory Otwell flowed from that use of the automobile. The duty was breached by Brandon's operation of the vehicle while under the influence of alcohol and/or drugs and failure to operate the vehicle in a prudent manner. Thus, the "use" of the vehicle was a critical and essential element of this case. Accordingly, the trial court's ruling is affirmed.

CONCLUSION
For the reasons stated above, the judgment of the trial court granting the motion for summary judgment filed by State Farm is hereby affirmed. Costs of this appeal are assessed to the appellants.
AFFIRMED.
NOTES
[1] The vehicle was registered to Jonathan Waltman's mother, Mary S. Waltman.
[2] Plaintiffs settled with State Farm as the Lonidiers' automobile liability insurer, reserving their rights against the Lonidiers only to the extent necessary to pursue coverage under their homeowner's policy. Plaintiffs also entered into a settlement agreement with the Waltmans and their automobile liability insurer, Shelter Mutual Insurance Company.
[3] The trial court also stated that other possible intervening acts of negligence in this case include Jonathan Waltman's parents' possible negligent entrustment of the vehicle to him, and Jonathan's possible negligent entrustment of the vehicle to Brandon. However, we need not address that finding, as it is not before us.