929 So.2d 226 (2006)
Hector HOWELL and Jose Sanchez
v.
FERRY TRANSPORTATION, INC., Denny Botman; XYZ Insurance Company & State of Louisiana Through the Department of Transportation and Development.
No. 2004-CA-2057.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 2006.
Harold J. Lamy, Wayne W. Foley, Barker, Boudreaux, Lamy & Foley, New Orleans, Counsel for Plaintiff/Appellant.
Rodney J. Lacoste, Jr., Guy D. Perrier, William W. Newton, Leake & Andersson, L.L.P., New Orleans, Counsel for Defendant/Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY).
*227 MICHAEL E. KIRBY, Judge.
Plaintiffs, Hector Howell and Jose Sanchez, et al., appeal the trial court judgment granting summary judgment in favor of defendant, Lincoln General Insurance Company ("Lincoln"), and denying the motion for summary judgment filed by plaintiffs. We affirm for reasons that follow.
On April 14, 2005, this Court ordered plaintiffs to provide documentation that Lincoln was the only remaining defendant in this litigation, or show cause why this appeal should not be dismissed as a non-final interlocutory judgment that was not properly designated by the trial court as a final judgment for the purpose of an immediate appeal. This order was issued because the record showed that Lincoln and its insured, Ferry Transportation, Inc., were not the only defendants named in this lawsuit, and we could not determine from the record designated on appeal whether or not additional parties remain in this case. Because this lawsuit was filed prior to the 1999 amendment to La. C.C.P. art. 1915, if additional parties remain, then the judgment sought to be appealed would be a partial summary judgment that is not immediately appealable because the trial court did not certify the judgment as final.
In response to a motion for extension of time filed by plaintiffs, this Court issued another order on April 22, 2005 extending the time allowed to plaintiffs to file either documentation confirming the dismissals of all defendants other than Lincoln or a joint stipulation by counsel for plaintiffs and Lincoln, confirming that Lincoln is the only remaining defendant in this litigation. The parties filed a joint stipulation on April 25, 2005, confirming that plaintiffs and Lincoln, as the Comprehensive General Liability ("CGL") carrier of Ferry Transportation, Inc. are the sole remaining parties in this case, and that all other parties to this litigation have been dismissed. Thus, the judgment appealed from is a final, appealable judgment.
This case arises from a tragic accident that occurred on November 25, 1999 on Interstate 10 in New Orleans when a tractor/trailer owned by Ferry Transportation, Inc. and operated by Bennie Botman struck the rear of one of two vehicles occupied by several members of the Padilla family and their friends. This collision forced the Padilla vehicle that was struck by the tractor/trailer to collide with the second Padilla vehicle. As a result of this accident, seven members of the Padilla family were killed and four other members of the Padilla family and two of their friends traveling in those vehicles sustained serious injuries. Immediately following the accident, Mr. Botman submitted a urine sample, which tested positive for marijuana.
Suit was filed individually by the injured parties and on behalf of those killed in the accident. The defendants included Ferry Transportation, Inc., the owner of the tractor/trailer; Mr. Bennie Botman, the driver of the tractor/trailer; Lincoln, the insurer of Ferry Transportation; and the State of Louisiana Through the Department of Transportation and Development. As stated above, only plaintiffs and Lincoln remained as parties at the time the motions for summary judgment at issue were filed.
Plaintiffs filed a motion for summary judgment, arguing that Lincoln's CGL policy provided coverage for Ferry's allegedly negligent hiring practices and/or negligent supervision of its employee, Mr. Botman. Lincoln also filed a motion for summary judgment, arguing that the automobile exclusion contained in its CGL policy precluded coverage to plaintiffs for this accident.[1] *228 On March 16, 2004, the trial court rendered judgment, denying plaintiffs' motion for summary judgment and granting Lincoln's motion for summary judgment. Plaintiffs now appeal, arguing that the trial court erred in concluding that the CGL policy issued by Lincoln to Ferry did not provide coverage for the accident at issue.[2]
In denying plaintiffs' motion for summary judgment and granting Lincoln's motion for summary judgment, the trial court concluded that the CGL policy issued to Ferry by Lincoln does not provide coverage for this accident. The main issue before us in this appeal is whether the trial court's conclusion was correct.
The CGL policy contains the following exclusion clause, in pertinent part:
This insurance does not apply to:
"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."
Plaintiffs argue that this clause is ambiguous and that, as a result, the insurance contract should be construed in favor of coverage. They further contend that the use of an automobile was only one cause of plaintiffs' injuries, and that Ferry's allegedly negligent hiring practices and negligent supervision of its employee, Mr. Botman, are independent sources of liability, separate and apart from Mr. Botman's use of an automobile. Plaintiffs noted that the CGL policy does not contain exclusions for negligent hiring and negligent supervision. Plaintiffs further argue that because the CGL policy includes other exclusions, e.g. for abuse or molestation, this shows that Lincoln could have specifically excluded liability for negligent hiring and supervision if it wanted those items excluded but failed to do so. Thus, they claim that because the policy does not specifically exclude liability for negligent hiring and supervision, coverage should be provided in this case.
Lincoln argues that the exclusion clause is clear and unambiguous, and that this identical exclusion was found by this Court to exclude coverage in an earlier case involving a claim for negligent hiring and supervision. In the case of Calvin v. Janbar Enterprises, Inc., XXXX-XXXX (La.App. 4 Cir. 9/24/03), 856 So.2d 88, the parents of a minor child who was seriously injured when he was struck by a truck after exiting a bus sued the owner of the truck along with the owner's automobile insurer and its CGL insurer. The CGL carrier filed a motion for summary judgment, arguing that the policy specifically excluded coverage for accidents or injuries arising out of the use or entrustment of a motor vehicle. The plaintiffs opposed the motion, arguing that their cause of action against the owner of the truck was for negligent hiring, retaining and supervision, and was covered by the CGL policy. The trial court granted the CGL insurer's motion for summary judgment, and this Court affirmed, finding that the automobile exclusion provision of the policy excluded coverage because the use of the *229 motor vehicle was an essential element to the plaintiffs' theory of liability, that the owner of the truck negligently hired, supervised and retained the driver despite knowledge of his frequent drug use. This Court reasoned that "[w]ithout the motor vehicle, this accident, as tragic as it was, would not have occurred."
We find no merit in plaintiffs' argument that the automobile exclusion in the Lincoln CGL policy is ambiguous. The automobile exclusion in the instant case is identical to the one in the Calvin case, and this Court upheld a trial court summary judgment in favor of defendants, precluding coverage based on that exclusion. As in Calvin, the use of the motor vehicle in the instant case was an essential element to the plaintiffs' theory of liability, that Ferry was negligent in its hiring and supervision of Mr. Botman, given his history of illegal drug use. The automobile exclusion in the CGL policy issued to Ferry by Lincoln precludes coverage to plaintiffs for the accident that is the subject of this lawsuit. We find that the trial court correctly granted summary judgment in favor of Lincoln, and denied the motion for summary judgment filed by plaintiffs.
The plaintiffs did not address the Calvin case in their appeal brief, but instead rely on Smith v. USAA Casualty Insurance Co., 532 So.2d 1171 (La.App. 4 Cir. 1988), in support of their position that the CGL policy should provide coverage for this accident. In the Smith case, this Court affirmed a trial court judgment allowing coverage under a homeowners' policy for injuries incurred by three minors while riding four-wheel vehicles on property covered under the policy. The Smith Court reasoned that the negligence asserted against the property owners was their failure to supervise the minors who were operating the recreational vehicles on their property, not the negligent operation of the vehicles.
We find that this Court's holding in the Smith case is inconsistent with the Louisiana Supreme Court case of Picou v. Ferrara, 412 So.2d 1297 (La.1982). The Picou case involved a claim brought by a motorcyclist against the employer of the driver of an automobile that struck him. The plaintiff's claim against the other driver's employer was based on theories of vicarious liability and negligent entrustment. The employer filed a third party demand against its general liability insurer.
The employer filed a motion for summary judgment seeking a declaratory judgment that the insurer's general liability policy provided coverage for this accident. The insurer filed a cross motion for summary judgment seeking dismissal of the third party demand based on the policy's automobile exclusion. The trial court denied the insurer's motion, granted the employer's motion and declared that there was coverage under the policy for claims based on the employer's negligence in hiring an incompetent driver. The court of appeal affirmed.
The Supreme Court reversed the lower court's rulings, and granted summary judgment in favor of the employer's insurer. The Supreme Court held that there was no coverage under the general liability policy because of the automobile exclusion in that policy. The Court reasoned that use of the vehicle was an essential element in the plaintiff's theories of liability against the defendant driver's employer.
The Smith case did not discuss the Picou case, but instead relied on the cases of Frazier v. State Farm Mutual Automobile Insurance Company, 347 So.2d 1275 (La.App. 1 Cir.1977), and LeJeune v. Allstate Insurance Company, 365 So.2d 471 (La.1978). The Frazier case involved a child who was struck by a vehicle driven *230 by the defendants' minor daughter while the defendants were babysitting the child. The child's parents sued the defendants' automobile insurer and homeowner's insurer, alleging two theories of liability: the defendants' vicarious liability for the negligent operation of the vehicle by the defendants' daughter and the defendants' failure to properly supervise the injured child while babysitting. The trial court granted the homeowner's insurer's exception of no cause of action, which was based on the allegation that the policy precluded coverage because of an automobile use exclusion. The appellate court reversed the trial court, holding that the homeowner's insurer could be found liable for the alleged negligence of defendants in failing to supervise the child, even though under the exclusionary clause it did not afford coverage for the operation of the motor vehicle.
The LeJeune case involved an intersectional collision that killed a passenger riding in a funeral hearse. The decedent's widow and children filed suit against the sheriff's office and its general liability insurer alleging that the deputy sheriff who was assigned to escort the funeral procession was negligent in failing to secure the intersection. The insurer denied coverage based on an automobile use exclusion in the policy. The Louisiana Supreme Court held that the exclusion did not preclude coverage because the basis of the deputy's liability was not his negligent use of his vehicle, but rather his negligence in failing to secure the intersection so as to alert approaching traffic of the danger involved.
We conclude that the circumstances in the Frazier and LeJeune cases were distinguishable from those in the Smith case. Unlike the situations in Frazier and LeJeune, in Smith there was no separate duty breached that did not involve the use of the vehicle. This distinction was discussed in 15 William Shelby McKenzie & H. Alston Johnson, III, Louisiana Civil Law Treatise § 72 (1996) as follows:
The Court's reliance on Frazier and LeJeune in reaching this conclusion was misplaced. The child being supervised by the insureds in Frazier was not using the automobile; the child's only relationship to the auto was being struck by it. In Smith, the children were using the recreational vehicles, and any breach of duty by the insureds clearly arose solely out of their failure to supervise such use. Use of the vehicle was essential to the theory of liability. Likewise, the duty breached by the deputy sheriff in LeJeune related to stopping traffic on an intersecting highway, not to the use of his police vehicle. Thus, the duty to protect the intersection existed independently of any duty with respect to the use of that police vehicle. In Smith, however, the only relevant duty allegedly breached by the insureds was their failure to supervise children who were actually using the vehicles. Such breach of duty is analogous to the negligent entrustment discussed in Picou in which the Supreme Court found that the breach arose out of use because the vehicle was essential to the theory of liability.
This Court has considered en banc the opposite results reached by different panels of this Court in Smith v. USAA Casualty Insurance Co., 532 So.2d 1171 (La. App. 4 Cir.1988), and Calvin v. Janbar Enterprises, Inc., XXXX-XXXX (La.App. 4 Cir. 9/24/03), 856 So.2d 88. The issue presented in those cases is the same as that presented in the instant case. A majority of the judges of this Court have determined that the case of Smith v. USAA Casualty Insurance Co., 532 So.2d 1171 (La.App. 4 Cir.1988) should be overruled.[3]
*231 In the instant case, the use of the vehicle was essential to the plaintiff's theory of liability, that Ferry was negligent in its hiring and supervision of Mr. Botman, given his history of illegal drug use. Having overruled the case of Smith v. USAA Casualty Insurance Co., 532 So.2d 1171 (La.App. 4 Cir.1988), we hereby follow the case of Calvin v. Janbar Enterprises, Inc., XXXX-XXXX (La.App. 4 Cir. 9/24/03), 856 So.2d 88, and affirm the trial court's granting of summary judgment in favor of defendant, Lincoln General Insurance Company.
For the reasons stated above, we affirm the trial court judgment. The case of Smith v. USAA Casualty Insurance Co., 532 So.2d 1171 (La.App. 4 Cir.1988) is expressly overruled.
AFFIRMED
McKAY, J., dissents.
McKAY, J., Dissenting.
I respectfully dissent from the majority's decision to affirm the judgment of the trial court. I believe genuine issues of material fact exist concerning coverage by the CGL policy. I am also troubled by the decision by a majority of this Court to overrule Smith v. USAA Casualty Insurance Co., 532 So.2d 1171 (La.App. 4 Cir. 1988).
NOTES
[1] The CGL policy issued to Ferry by Lincoln is separate and distinct from the automobile liability policy issued to Ferry by Lincoln. The instant appeal involves only the CGL policy.
[2] Both parties also argue that this case presents a conflict of law issue as to whether Louisiana or Mississippi law applies. We find that the conflict in this case is a false one. On the main issue presented, whether the automobile exclusion provision excludes coverage in this case, the law is the same in Louisiana and Mississippi.
[3] This issue was submitted to the Court en banc, and a majority of the judges voted to overrule the case of Smith v. USAA Casualty Insurance Co., 532 So.2d 1171 (La.App. 4 Cir.1988). The following judges voted to overrule Smith v. USAA Casualty Insurance Co., 532 So.2d 1171 (La.App. 4 Cir.1988): J. Jones, J. Bagneris, J. Kirby, J. Love, J. Tobias, J. Gorbaty, J. Lombard and J. Cannizzaro. The following judges voted to overrule Calvin v. Janbar Enterprises, Inc., XXXX-XXXX (La. App. 4 Cir. 9/24/03), 856 So.2d 88: J. McKay and J. Belsome. C.J. Armstrong and J. Murray voted that it is unnecessary to overrule either the Smith case or the Calvin case.