HUGHES, J.,
dissenting.
hAs in the case of Simmons v. Weiymann, 943 So.2d 423 (La.App. 1st Cir. 2006), I must respectfully dissent.
This is not a case where an intruder entered the home and sexually molested a child. The molestation did not occur in a vacuum. Here, it is alleged that the parents allowed teenagers to have a co-ed sleepover with alcohol. Supervision was negligent if not totally lacking. But for the negligence of the parents, the molestation would not have occurred. The law recognizes that many factors or things may operate at the same time, either independently or together, to cause injury or damage. These should all be listed on the verdict form to allow the fact finder to apportion fault.
The policy does not contain a “lack of parental supervision” exclusion. The damage alleged in this case, inflicted by minor children upon another minor child, are not bodily injuries arising out of sexual molestation. The damage was the molestation, arising out of the negligent supervision. The chain of events did not begin with the molestation. The parents’ actions were a “proximate cause” of the injury suffered and cannot be ignored.