HIGGINBOTHAM, J.
IsThe plaintiff ’appeals the judgment of the- trial court granting summary judgment in favor of the defendant and denying plaintiffs counter motion for summary judgment regarding insurance coverage. ■
FACTS AND PROCEDURAL HISTORY
On May 11, 2012, Chris E. Loudermilk was injured in an automobile accident while operating a motor vehicle owned by his employer, Environmental Safety and Health.Consulting Services Inc. (ES & H). After the accident, Loudermilk filed suit against the drivers of the other vehicles involved in the accident and their insurers, as well as, XL Specialty Insurance Company. (XL), ES & H’s insurer, alleging that XL’s policy included uninsured/underin-sured motorist coverage.
Prior to the accident, XL had issued a policy of automobile coverage to ES & H for the policy period of June 30, 2010 to June 30, 2011. In,acquiring insurance for ES & H, Mr. Charles M. LeCompte, the CFO and legal representative for ES <& H, executed !a valid Uninsured Motorist Bodily Injury Coverage Form to reject UM coverage completely on June 23, 2010. In *133 addition to ES & H, several other corporations and LLCs that are owned and managed by the same individuals as ES & H were named insureds on the policy, including, Boucvalt Services, LLC.
In June 2011, ES & H renewed its policy with XL for the policy period from June 30, 2011 to June 30, 2012, and if was in effect at the timé of Mr. Loudermilk’s accident. The limits of the policy did not change, but two entities, Boucvalt Ranch, LLC and Boucvalt Farm, LLC were added to the named insured section of the policy. Both Boucvalt Ranch, LLC and Boucvalt Farm, LLC are owned by Boucvalt Services, LLC.
On October 9, 2013, XL filed a motion for summary judgment contending that no UM coverage existed for Loudermilk’s claim because ES & H expressly rejected UM coverage under the policy by executing a valid rejection of UM coverage. In response, Loudermilk filed a motion for summary judgment asserting that the XL policy was not]¿issued to the same “named insured” in accordance with La. RiS. 22:1295(l)(a)(ii) and therefore, the UM rejection was no longer valid. The competing motions for summary judgment came before the trial court on June 6, 2014. On June 27, 2014, the trial court signed a judgment granting XL’s motion for summary judgment, denying Loudermilk’s motion for summary judgment, and dismissing Loudermilk’s claims against XL. It is from this judgment that’ Loudermilk appeals.
SUMMARY JUDGMENT
An appellate court reviews a district court’s decision to grant a motion for summary judgment de novo, using the same criteria that' govern the district court’s consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. Summary judgment shall be rendered if there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B)(2). A summary judgment may be rendered on the issue of insurance coverage alone, although there is a genuine issue as to liability or damages. See La.Code Civ. P. art. 966(E); Bilbo v. Shelter Ins. Co., 96-1476 (La.App. 1st Cir.7/30/97), 698 So.2d 691, 694, writ denied, 97-2198 (La.11/21/97), 703 So.2d 1312. Summary judgment declaring a lack of coverage under an insurance policy may riot be rendered unless there is no Reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. When the issue before the court on the motion for summary judgment is one on which the party bringing the riiotion will bear the burden of proof at trial; the burden of showing there is no genuine issue of material fact remains with the party bringing the riiotion. See La. Code Civ. P. art. 966(C)(2); Buck’s Run Enterprises, Inc. v. Mapp Const., Inc., 99-3054 (La.App. 1st Cir.2/16/01), 808 So.2d 428, 431. An insurer seeking to avoid coverage through summary judgment bears the burden of proving some provision or 1,^exclusion applies to preclude coverage. See Simmons v. Weiymann, 05-1128 (La.App. 1st Cir.8/23/06), 943 So.2d 423,425.
LAW AND ANALYSIS
In his sole assignment of error, Louder-milk contends that ES & H’s rejection of UM coverage was no longer valid when the policy was renewed because two additional entities were added to the named insured endorsement on the policy, and the policy *134 was not issued to the same named insured in accordance with La. R.S. 22:1295.
Louisiana Revised Statute 22:1295, which' governs the issuance of uninsured motorist coverage, provides in pertinent part:
The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. ... Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms. For the purpose of this Section, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.
(Emphasis added.) ■
In favor of its motion for summary judgment, XL cites to the language in La. R.S. 22:1295 that states that an insured’s rejec- . tion of UM coverage remains valid for the life of the policy and any changes' to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms. The evidence established that the limits of liability in the original policy and. the renewal were not changed.
Conversely, in favor of his position that the UM rejection was no longer valid when two entities were added to the named insured endorsement upon renewal, Louder-milk points out the language in La. R.S.-22:1295 that states that a UM waiver that initially rejects coverage shall remain valid and shall not require the completion of La new form when a renewal “is issued to the same named insured.” Additionally, he cites to Munsch v. Liberty Mutual Ins. Co., 05-0147 (La.App. 1st Cir.2/10/06), 928 So.2d 608, writ denied, , 06-0590 (La.5/25/2006), 930 So.2d 2 wherein this court reviewed the provisions in La. R.S. 22:1295 cited by XL and by Loudermilk and concluded that the sentences had to be read inclusively and the provision regarding “same named insured” mandates the continuing' validity of a UM selection through renewal, reinstatement, substitution or amendment while the parties remain the same. Munsch, 928 So.2d at 613.
In Munsch, a husband was the owner and named insured on a personal automobile policy and selected lower limits of UM coverage. After the husband’s death, the policy was renewed in the surviving spouse’s name and their daughter[1] was added as an additional insured. Their daughter was involved in an automobile accident.while operating a motor vehicle. The guest passenger in the daughter’s vehicle filed suit and sought summary judgment contending that the deceased husband’s selection of lower UM coverage was no longer valid, Munsch, 928 So.2d at 609-610. This court, citing the language regarding “named insured” in La. R.S. 22:1295, concluded that the deceased husband’s selection of lower UM limits was ineffective on the policy once it was transferred to the surviving spouse because the *135 surviving spouse was not the “same named insured.” Munsch, 928 So.2d at 614. In reaching that conclusion, this court pointed out that it had no evidence that the surviving spouse was a named insured on the original -policy, and the surviving, spouse had no opportunity to select or reject reduced UM benefits.
In this case, Loudermilk was operating a vehicle owned by ES & H at the time of the accident, not a vehicle owned by one of the subsidiaries added to the policy on renewal. Unlike the situation in Munsch, ES & H was the policyholder and named |7insured when UM coverage was initially rejected, and remained the policyholder and named insured on the renewal. Additionally, ES & H was given the opportunity to select or reject UM coverage. In his deposition, Mr. LeCompte, who was the CFO and manager of the companies on the original policy and on the policy renewal, stated that he was authorized by all of the listed companies to determine the type of insurance each entity should obtain. He unequivocally testified that it was a business-cost decision not to purchase UM coverage on behalf of the companies he managed. Further, Boucvalt Ranch, LLC and Boucvalt Farm, LLC which were added to the renewal policy, are both managed by the same individuals who own and manage ES & H, and were subsidiaries of Boucvalt Services, LLC, a named insured in the original policy.
Under the particular facts of this case, where Loudermilk was involved in an accident while driving a vehicle owned by ES & H, who was a named insured in the policy where UM coverage was • initially rejected and in the renewal,' we conclude that ES & H’s rejection of UM coverage in the policy remained- valid under La. R.S. 22:1295 after the policy was renewed, despite the addition of two subsidiaries to the named insured endorsement. For that reason, no UM coverage is afforded for Loudermilk’s damages .under the policy issued by XL to ES &• H, and summary judgment was properly granted in XL’s favor.
.. CONCLUSION
For the foregoing reasons* we affirm the June 27, 2014.judgment, of the trial court, granting XL Specialty Insurance Company’s motion for summary judgment and dismissing Loudermilk’s claims against XL with prejudice. Costs of this appeal are assessed to Chris E. Loudermilk.
AFFIRMED.
PETTIGREW, J., concurs.

. In Munsch, she is referred to as the both the daughter and granddaughter of the insured. Munsch, 928 So.2d at 610.